UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| LANA PEREZ and, | ) | CASE NO. 07-21794 |
| ELENA LEFFLER | ) | MOORE/GARBER |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SAKS FIFTH AVENUE, INC., | ) | |
| a foreign profit corporation doing | ) | |
| business in Florida, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ / | | |

**PLAINTIFFS' MOTION TO COMPEL DEFENDANT'S
RESPONSES TO REQUESTS FOR PRODUCTION**

Plaintiffs, LANA PEREZ and ELENA LEFFLER, pursuant to Fed.R.Civ.P. 37(a), move to compel the Defendant, SAKS FIFTH AVENUE, INC., to respond to Plaintiffs' First, Second and Third Document Requests, as specifically enumerated below, and states as follows:

**I.   INTRODUCTION**

The Plaintiffs initially filed their case in state court in Miami-Dade County, Florida, on or about June 6, 2007. In this case, the Plaintiff's allege that Defendant discriminated against them on the basis of age and retaliated against them in violation of the Florida Civil Rights Act ("FCRA") and the federal Age Discrimination in Employment Act ("ADEA").

Defendant's removed this matter from state court based upon diversity jurisdiction. Plaintiff consented to several extensions of time for Defendants to respond to its *First Request for Production and Interrogatories*[1]; and on or about September 21, 2007, Plaintiffs received Defendant's responses to their First Request for Production of Documents. A true and accurate

---
[1] It should be noted that Plaintiff's served its First Request for Production and Interrogatories on Defendant simultaneously with the Complaint in this matter (i.e. June 6, 2007).

1

copy of *Plaintiffs' First Request for Production to Defendant* is attached hereto as Exhibit "A" and Defendant's responses are attached as Exhibit "B." Plaintiffs' also served Defendant with Second and Third requests for production on November 27 and November 29, 2007, respectively, which are attached hereto as Exhibits "C" and "D." Defendant's responses, which were served on December 21, 2007, are attached as Exhibits "E" and "F".

On November 5, 2007 via email and November 27, 2007 via regular correspondence Plaintiff's counsel made a good faith effort with Defendant's counsel to resolve the disputes regarding the Defendant's responses to Plaintiffs' first requests for production that are in dispute. *See* Composite Exhibit "G." Defendant responded on November 29, 2007, but the parties have not been able to resolve the issues as of the date of the filing of this motion. *See* Exhibit "H." On December 12, 2007, after receiving sales receipts for the entire store rather than the Plaintiffs' department, Plaintiffs' counsel again attempted to resolve this dispute with Defendant's counsel. *See* Exhibit "I." Plaintiffs' counsel also requested a key to enable her to read the sales receipts provided in any meaningful way which Defendant's counsel had previously agreed to produce. Finally, on December 31, 2007, the undersigned counsel spoke with counsel for Defendant in an attempt to resolve these issues, but those efforts were unsuccessful.

Now, with depositions that have been scheduled by Plaintiffs more than two (2) months ago ready to take place on January 16, 17 and 18, Plaintiff is need of this Court's assistance in obtaining Defendant's compliance with its discovery requests. Plaintiff brings this motion to compel Defendant to provide complete responses and documents to Plaintiffs' requests for production and to correct any deficiencies in its responses.

**II.     DISCUSSION**

Pursuant to Fed.R.Civ.P. 26(b), "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* The courts have applied more liberal discovery rules in cases involving allegations of employment discrimination and civil right violations. *Sweat v. Miller Brewing Co.,* 708 F.2d 655 (11th Cir. 1983); *Wells v. Xpedx*, 2007 WL 1200955 *6 (M.D.Fla.2007).

"When ruling upon a motion to compel, the court generally considers those objections which have been timely asserted and relied upon in response to the motion and it generally deems objections initially raised but not relied upon in response to the motion as abandoned." *Cotracom Commodity Trading Co. v. Seaboard Corp.,* 189 F.R.D. 655, 662 (D.Kan.1999); *see Auto Owners Ins. Co. v. Totaltape, Inc.,* 135 F.R.D. 199, 201 n. 1 (M.D.Fla.1990) (finding abandoned initial objection not subsequently discussed in response to motion to compel).

**A.   Plaintiffs are entitled to the personnel files requested in their First Request for Production at Request No. 7.**

Request No. 7 asked Defendant to provide the complete personnel file of the associates in the Contemporary Department, which is where the Plaintiffs worked, and specifically noted that Defendants should redact any HIPAA related information.  Defendant objected on the grounds that the interrogatory is alleged to be overly broad, irrelevant and on the grounds of the privacy of employees. "An objection must show specifically how a [discovery request] is overly broad, burdensome or oppressive, by submitting evidence or offering evidence which reveals the nature of the burden." *Coker v. Duke & Co., Inc.*, 177 F.R.D.682, 686 (M.D.Ala.,1998) citing *Chubb Integrated Systems Limited, v. National Bank of Washington,* 103 F.R.D. 52, 59-60 (D.D.C.1984)

and EEOC v. Quad/Graphics,Inc., 63 F.3d 642 (7th Cir.1995).

It is also well settled under Florida law that Defendant has no standing to object on the grounds of privacy of its employees. *See Alterra Healthcare Corp. v. Estate of Shelley,* 827 So.2d 936, 945 (Fla. 2002). While under federal law there is a recognized privacy of certain confidential employee records, which may after a balancing analysis may be disclosed. Generally, names, addresses, age, gender, and position of other employees are discoverable information relevant to Plaintiff's claims. *See Gerstenfield v. Zale Delaware, Inc.* Slip Copy, 2006 WL 2375055 (M.D. Fla. 2006). In *Gerstenfield*, the court found personnel information not only relevant, but discoverable concerning the plaintiff's age discrimination claim. Moreover, this Court agreed with the *Gerstenfield* analysis to allow Plaintiff to discover personnel information about supervisors and co-workers. *See Jones v. Pompano Beach Club Association*, 2007 WL 2407009 (S.D. Fla. 2007). The comparative information requested by this request is not overbroad and may provide evidence of intent, motive or pretext and is not limited to discovering comparator information. Even if it were, Defendant is not permitted to determine who constitutes sufficient comparators.

Furthermore, certain sales receipts reports tend to show that other sales associates were providing the same type of discounts to customers that Defendant alleges violated company policy and is the alleged reason Defendant terminated Plaintiffs. *See* Exhibit "J" attached. Thus, each employee in the Contemporary Department's personnel file is both relevant and material as the information in their respective personnel files may reveal that they were treated differently than Plaintiffs. In this case, the information sought involves Defendant's disparate treatment of employees over the age of 40 only in those departments in which Plaintiffs' worked and Plaintiffs are entitled to discover that information. Defendant has not stated any valid objection

to providing the information requested.

      **B.  Defendant must also be compelled to produce relevant documents requested by Plaintiffs First Request for Production No. 8**

Plaintiffs' First Request for Production No. 8 seeks the personnel files of decision-makers and employees in the position to influence the decision-makers. To the extent that the decision-makers' personnel files contain information concerning their decision regarding the Plaintiff, or information concerning their intent or state of mind, such information is discoverable. *See Weiss v. Safeway, Inc*., 189 F.R.D. 442 (D. Ore. 1999); *Burke v. New York City Police Department*, 115 F.R.D. 220, 224-226 (S.D.N.Y. 1987). Even if employees were only in a position to influence the decision-maker, the information contained in their files is relevant. *Bernstein v. Sephora Div. of DFS Group L.P*. 181 F.Supp.2d 1214, 1218-1223 (S.D. Fla. 2002). *See also Llampallas v. Mini-Circuits, Inc.,* 163 F.3d 1236, 1249 (11th Cir.1998), *cert denied,* 528 U.S. 930, 120 S.Ct. 327, 145 L.Ed.2d 255 (1999); *Cobb v. Syniverse Technologies, Inc.,* 359 F.Supp.2d 1287 (M.D.Fla.2005). Therefore, the documents should be produced.

Finally, if managers and employees were held to the same rules of conduct, disciplinary action against either would be discoverable. In *Lathem v. Department of Children and Youth Services*, 172 F.3d 786 (11th Cir. 1999) (former public employee, a female, and her supervisor, a male, were "similarly situated" despite difference in job titles, since employer had accused both of having relationships with minor clients and failing to cooperate in subsequent internal investigations). Thus, the Court should compel the Defendant to provide the requested documents.

      **C.  Plaintiffs First Request for Production No. 12 seeks relevant training materials concerning the employee discounts in issue and must be produced**.

This document request sought documents involving training seminar information and the

names of trainers for the five (5) years prior to the Plaintiffs termination. Plaintiffs' counsel clarified with defense counsel to resolve any vagueness or ambiguity in the request the information requested is those training materials regarding employee discounts. Yet, Defendant continues to object to this information and agrees in its response only to provide one sales seminar referred to in *Plaintiffs' Complaint*. Defendant also objected on the grounds that the request is overly broad and unduly burdensome.

Defendant cannot unilaterally decide what the relevant scope and relevant time period is in responding to requests. Plaintiffs are entitled to discover whether the seminars on the employee discount subject matter changed over the period of Plaintiffs' employment and the reasons for the changes, if any. Plaintiff Perez was employed by Defendant for approximately seventeen (17) years and Plaintiff, Leffler was employed by Defendant for approximately fourteen (14) years, and thus using the past five (5) years of their employment is not an overly broad time period.

As to Defendant's overused boilerplate objection regarding over breadth of the Plaintiffs' discovery requests, discovery of information both before and after the liability period within a discrimination lawsuit may be relevant and/or reasonably calculated to lead to the discovery of admissible evidence and courts commonly extend the scope of discovery to a reasonable number of years both prior to and following such period. *See, e.g., James v. Newspaper Agency Corp.,* 591 F.2d 579 (10th Cir.1979) (four years prior to liability period reasonable); *Raddatz v. Standard Register Co.,* 177 F.R.D. 446, 448 (D.Minn.1997)(allowing discovery into the period two years after termination); *Lyoch v. Anheuser-Busch Co.,* 164 F.R.D. 62, 67 (E.D.Mo.1995) (four years prior to liability period reasonable); *Hicks v. Arthur,* 159 F.R.D. 468, 471 (E.D.Pa.1995) (allowing discovery to extend to the period two years after the tenure of the

6

plaintiffs); *Robbins v. Camden City Board of Educ.,* 105 F.R.D. 49, 62-63 (D.N.J.1985) (allowing discovery for a period of two years after employment terminated); *McClain v. Mack Trucks, Inc.,* 85 F .R.D. 53-62 (E.D. Pa 1979) (five years prior to liability period reasonable); *Cormier v. PPG Indus.,* 452 F.Supp. 594 (W.D.La.1978) (five years prior to liability period reasonable); *Stevenson v. General Electric Co.,* No. C-1-77-122, 1978 WL 150, at *1 (S.D.Ohio Oct. 4, 1978) (noting emergence of a "five-year rule"); *Milner v. Nat'l Sch. Of Health Tech.*, 73 F.R.D. 628, 632 (E.D. Pa. 1977) (approximately five years prior to alleged violation).

D. **Plaintiffs First Request for Production No. 26, 39 and 40 requests personnel file information of employees hired after Plaintiffs' termination and must be produced.**

Defendant has admitted that it hired sales employees in the Contemporary Department where Plaintiffs worked since the date of their termination. Defendant, however, agreed only to provide the names and ages of the employees hired subsequent to Plaintiffs' termination. In *Nevin v. CSX Transp.* 2003 WL 22005030 (M.D. Fla. 2003), the court found that the personnel files of employees subsequently hired was discoverable to determine whether in fact the Defendant's decision was a pretext and/or that the Defendant intended to discriminate. *See Knopfel v. Tech Data Corp*, 225 F.R.D. 263 (M.D. Fla. 2004). Moreover, wrongful acts occurring after Plaintiffs' termination are discoverable. *See Ryan v. Board of Police Com'rs of City of St. Louis*, 96 F.3d 1076 (8th Cir. 1996) Therefore, as with many of effort to limit is production in this discovery phase of this case, Defendant's limitation of the information produced is not warranted and Defendant should be ordered to produce these personnel files.

**E.  Defendant must be compelled to produce electronic discovery requested by Plaintiff's First Request for Production numbers 41, 42, 43, 44, 45, 46 and 47; and Plaintiff's Third Request for Production No. 2 including e-mails and other communications stored electronically between Plaintiffs' supervisors, human resource employees and loss prevention employees or other employees concerning Plaintiffs' performance and other age discrimination complaints from 2002 to the present.**

Plaintiffs alleging discrimination are generally allowed to discover company-wide practices. *See Sweat v. Miller Brewing Co.,* 708 F.2d 655, 658 (11th Cir.1983) (company-wide *statistical* information concerning company's general practices regarding minority employment discoverable to show pretext in individual disparate treatment case); *see also Burns v. Thiokol Chem. Corp.,* 483 F.2d 300, 307 (5th Cir.1973). In the instant case, the statistical information sought involves Defendant's disparate treatment of employees over the age of 40 only in the department in which Plaintiffs worked, which is relevant. Five years worth of information is generally not outside the scope as stated above.

Furthermore, in *Floeter v. City of Orlando* 2006 WL 1000306 (M.D. Fla., 2006), the court found that complaints concerning the same context as the plaintiff's claim would be relevant and discoverable. Complaints that were made to the Defendant through an internal source are also subject to discovery. *See Barfoot v. The Boeing Company*, 184 F.R.D. 642 (1999). Moreover, courts, in a variety of contexts, have affirmed the right of litigants to be informed about lawsuits and complaints filed against their adversaries. *See Cornelis v. Consolidated Rail Corp.*, 169 F.R.D. 250 (N.D.N.Y.1996); *Rodger v. Electronic Data Systems Corp.,* 155 F.R.D. 537 (E.D.N.C.1994). Accordingly, the courts in these cases generally rejected the argument that the information is not relevant. Defendant has not stated any valid objection to providing the information requested on the grounds of relevance.

After efforts to narrow the issues, Defendant's objections have been effectively narrowed to objections that the requests are overly broad and burdensome.  "An objection must show specifically how a [discovery request] is overly broad, burdensome or oppressive, by submitting evidence or offering evidence which reveals the nature of the burden." *Coker v. Duke & Co., Inc.*, 177 F.R.D.682, 686 (M.D.Ala.,1998) citing *Chubb Integrated Systems Limited, v. National Bank of Washington,* 103 F.R.D. 52, 59-60 (D.D.C.1984) and *EEOC v. Quad/Graphics,Inc.,* 63 F.3d 642 (7th Cir.1995).

The resisting party must make a particular and specific demonstration of fact and cannot rely on simple conclusory assertions about the difficulty of complying with a discovery request. *Id.* at 686 citing *Twin City Fire Ins. Co. v. Ford Motor Co.,* 124 F.R.D. 652 (D.Nev.1989). A mere showing of burden and expense is not enough. *Id.* citing *Ericson v. Ford Motor Co.,* 107 F.R.D. 92 (E.D.Ark.1985).  Defendant already admits that it has electronically stored such information in back-up tapes.

Specifically, Fed.R.Civ.P 34(b) contemplates the discovery of information electronically stored and it must be provided in by means reasonably usable to the requesting party.  In relevant part the advisory to Rule 34(b) states:

> If the form of production is not specified by party agreement or court order, the responding party must produce electronically stored information either in a form or forms in which it is ordinarily maintained or in a form or forms that are reasonably usable. Rule 34(a) requires that, if necessary, a responding party "translate" information it produces into a "reasonably usable" form. Under some circumstances, the responding party may need to provide some reasonable amount of technical support, information on application software, or other reasonable assistance to enable the requesting party to use the information. The rule does not require a party to produce electronically stored information in the form it which it is ordinarily maintained, as long as it is produced in a reasonably usable form. But the option to produce in a reasonably usable form does not mean that a responding party is free to convert electronically stored information from the form in which it is ordinarily maintained to a different form that makes it more difficult or burdensome for the requesting party to use the information efficiently in the

DEUTSCH ROTBART & ASSOCIATES, P.A.
BOCA RATON • FORT LAUDERDALE • MIAMI

litigation. If the responding party ordinarily maintains the information it is producing in a way that makes it searchable by electronic means, the information should not be produced in a form that removes or significantly degrades this feature.

In *Allstate Ins. Co. v. Boecher,* 705 So.2d 106, 108 (4th DCA 1998), the court disagreed that retrieval of documents from computers is burdensome stating:

> To be sure, we live in the age of computers-not the bygone era of hooded clerics poring over ancient manuscripts seeking hidden truths. A labor that, just a few years ago, might have taken office clerks weeks or months now entails mere milliseconds of data processing time. It occurs to us that, in this pervasively computerized generation of doing business, any going concern would be sorely tried to establish burdensomeness in the mere retrieval of this kind of information. Surely Allstate has the power to pluck the data from its own cyberspace. The burden placed on this party should be presumed to be no more difficult than selecting the correct keys on a board or icons on a screen. Allstate has done nothing in this record to dispel such a presumption.

Furthermore, the courts have not accepted controvert unspecific arguments such as the Defendants' have made here, and economic concerns do not rise to the level of an undue burden necessary to support a finding of a departure from the essential requirements of the law. *Topp Telecom, Inc. v. Atkins*, 763 So.2d 1197, 1200 (4th DCA 2000). In *Atkins,* for example, the court found that the kind of discovery involved such as Plaintiff seeks in this case would simply require unwarranted effort and expense to comply with the request but that burden, though claimed to be inordinate, would not cast the recipient into financial ruin. *Id.* After several telephone conversations with counsel for Defendant, the undersigned agreed to limit the e-mail and electronic discovery responses to a time frame dating from May of 2005 to the present date. Surely, this is not overly broad or burdensome. As key word searches in the back up tapes could be utilized to streamline the research of the tapes and to reduce burden without any cost to either party or the need to engage experts, it is highly unreasonable to think that Defendants could make the assertions and requests that the have in the correspondences. *See Exhibits G, H and I.*

In response to a motion to compel electronic discovery, Defendant was required to conduct a search of all depositories of electronic information in which one could reasonably expect to find all emails to Plaintiffs, from Plaintiffs or in which Plaintiff's name appeared, and make the results of search available to Plaintiffs; moreover, Defendant would be required to file a statement under oath by person who conducted the search, explaining how the search was conducted, of which electronic depositories, and how it was designed to produce and did in fact produce all of the emails so described. *See Peskoff v. Faber*, 240 F.R.D. 26 (D.D.C. 2007). The Middle District of Florida followed the Advisory Committee Notes pertaining to the amendments of Rule 34 and the *Peskoff* case in *Wells v. Xpedx*, 2007 WL 1200955 *1 (M.D.Fla.2007).

Electronic data, such as e-mails, are discoverable. *See* Advisory Committee Notes, Fed.R.Civ.P. 34. Deleted emails are, in most cases, not irretrievably lost. Deleted emails may remain on a computer hard drive, servers or retained on back-up tapes. The producing party has the obligation to search available electronic systems for deleted emails and files. *See Wells at * 7.*

For all of these reasons, Defendant must be compelled to produce all non-privileged e-mail and documents related to complaints of discrimination.

> E.  **Defendant must be compelled to produce sales receipts and/or reports limited to registers on the second floor where Plaintiffs worked and limited to the time period of 2004 to the present as requested by Plaintiffs' First Request for Production No. 49 or alternatively as limited by Plaintiff's Second Request for Production Nos. 1 and 2 to 2005 through 2006.**

Most notably, Defendants produced volumes on approximately seven (7) CDs of sales receipts for the **entire** Bal Harbor store rather than the second floor or department where the Plaintiffs worked. It is evident that this was done in an effort to obscure the facts from Plaintiffs and to make it difficult for Plaintiffs to discern the information, not to mention, be buried in

receipts. Despite requests by Plaintiff's counsel to have Defendant simply provide what was requested, and not a flood of documents, Defendant continues to object to providing less information. First, it is clear that a general reference to voluminous documents is not sufficient discovery responses. *Derson Group, Ltd. v. Right Management Consultants, Inc.,* 119 F.R.D. 396 (E.D.Ill.1988); *In re Bilzerian* 190 B.R. 964Bkrtcy.(M.D.Fla.1995); *Stone v. Geico General Ins. Co.,* Slip Copy, 2006 WL 2474251(M.D. Fla. 2006). Second, since Defendant has this information in an electronic form, it has the ability to translate and produce the information in a form usable by Plaintiffs pursuant to Fed.R.Civ.P. 34(b) *supra*.

In *In re Seroquel Products Liability Litigation,* 244 F.R.D. 650, 665-666 (M.D.Fla. 2007), the court found that a rug manufacturer's failure to produce usable or reasonably accessible electronic documents in response to plaintiffs' discovery request warranted sanctions in multi-district products liability suit.

In that case the court also described electronic discovery as a relatively inexpensive production of computer-readable images may suffice for the vast majority of requested data. *Id.* at 655. Furthermore, the court eluded that other tools necessary for the proper translation and use of the data must be provided. *Id.* Thus, Plaintiff's request for a key to translate the information on the CD Files is entirely appropriate.

Additionally, producing the reports will further allow Plaintiffs to substantiate the receipts that have been produced against the reports that should be produced so that Plaintiffs can further determine if all information related to sales and discounts has been produced. Merely producing receipts for an entire store does not allow Plaintiffs to verify the data that they have been provided. To simply rely upon the sales receipts alone would essentially amount to incomplete discovery.

Furthermore, Defendants previously advised Plaintiff's counsel that they would provide a key for all of the various codes that appear on the receipts to enable Plaintiffs to translate the receipts, but Defendant has not provided such a key or code as of the date of the filing of this Motion. Reports that the Defendant has produced show that the Defendant does in fact have the ability to manipulate the information to produce information limited to the second floor employees where Plaintiffs worked. *See* Exhibit "D." [2] Thus, Defendant should be compelled to do so.

G. **Defendant must be compelled to produce line item discounts for the Contemporary Department where Plaintiffs worked for the time period of 2005 to the present time requested by Plaintiffs' Third Request for Production No. 1.**

Plaintiff's Third Request for Production No. 1 simply asked for line item discounts for the Contemporary Department, which is where Plaintiffs worked. A claimed violation of employee discount rules is the reason Defendants have alleged that they terminated Plaintiffs. The documents requested goes to the very essence of Plaintiffs' claims and further confirms Plaintiff's pretext argument. It is evident that Plaintiffs have already discovered one employee, David Algarin, who was much younger than Plaintiffs who violated the rule, but **was not** terminated. *See* Exhibit "K". Indeed, Defendant has the ability to manipulate the reports to provide such information related to the discounts given by those employees working in the Contemporary Department.[3]

Plaintiff attached a copy of the method by which Defendant has kept such information which was attached as Exhibit A to *Plaintiff's Third Request for Production*. *See* Exhibit "D".

---

[2] Plaintiff specifically attached documents produced by Defendant to *Plaintiff's Third Request for Production* in an effort to identify for Defendant as clearly as possible that it already produced the items for Plaintiffs and one other employee. Thus, it was apparent that this item was computer generated, and from its format and items requested were rather easily prepared by typing the employee name in an limited the parameters of information requested.

[3] For the Court's reference it should be noted that Defendant's Contemporary Department has approximately 20 employees working in at any given time.

Yet, Defendant continues to object stating that it is too costly and burdensome to provide this rather elementary and easily produced information. Plaintiff has limited such request to the contemporary department where Plaintiffs worked, and said document is an easy to prepare computer generated document via a very simplified program known as Proact. Defendants are not being requested to cull through volumes of information as Plaintiff has had to do in going through every receipt for the store locating discounts since Defendant chose to produce volumes of information in an effort to "hide the ball". Plaintiffs would further reiterate its legal analysis and position as stated in E and F above; and thus, Defendant should be ordered to produce the information in accordance with Rule 34.

H. **Plaintiffs should be entitled to attorney's fees and costs associated with this motion if the court grants Plaintiff's motion.**

Pursuant to Fed.R.Civ.P. 37 (a)(4)(A), if the Plaintiffs' motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

In this case, the Plaintiffs did make a good faith attempt to obtain the discovery without a motion to compel. Moreover, Defendant has intentionally made this discovery process far more complicated and convoluted by producing excessive documents where they were specifically not

requested and producing no documents at all where relevance and materiality are nothing less than obvious.

A district court has broad discretion in imposing monetary sanctions under Rule 37; *Serra Chevrolet, Inc. v. General Motors Corp.*, 446 F.3d 1137 (11th Cir.2006); *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1048 (11th Cir.1994). Unless the conduct of the losing party or person is found to have been substantially justified, the court should award fees. *Huff v. Huff,* Slip Copy, 2006 WL 2356042 (N.D.Ga.2006). In this case, the Defendant's objections are not supported by the facts, as discussed herein, and the Plaintiffs should receive their attorney's fees for bringing this motion to compel.

### III.   CONCLUSION

For all of the foregoing reasons, the Court should compel the Defendant to provide the requested documents responsive to *Plaintiffs First Request for Production* numbers 7, 8, 12, 26, 36, 39-40, 41, 42, 43, 44, 45, 46, 47, and 49; *Plaintiffs' Second Request for Production* numbers 1 and 2; and *Plaintiffs' Third Request for Production* numbers 1 and 2; and award Plaintiff reasonable attorney's fees for bring this motion.

    Respectfully submitted,

    DEUTSCH ROTBART & ASSOCIATES, P.A
    Counsel for Plaintiffs
    7251 West Palmetto Park Road
    Suite 206
    Boca Raton, Florida 33433
    Telephone:  561.361.8010
    Facsimile:   561.361.8086

    BY:   Erika Deutsch Rotbart s/.
          Erika Deutsch Rotbart, Esq.
          Florida Bar No.: 0047686

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1**

      I HEREBY CERTIFY that I conferred in good faith with the Defendant's attorney via correspondence dated November 27, 20007 and after receiving Defendant's response on November 29, 2007 (copies of which are attached to this motion) continued to confer in good faith with the Defendant's legal counsel.  Additionally, I spoke with Defendant's Counsel via telephone on December 31, 2007, at which time I was advised that they would not be producing any documents responsive to Plaintiff's Second and Third Requests for Production, and remained firm in their position as to Plaintiff's First Request for Production.  To date, the subject matters of this motion to compel have not been resolved.

      DEUTSCH ROTBART & ASSOCIATES, P.A.

      BY:   Erika Deutsch Rotbart s/.
           Erika Deutsch Rotbart, Esq.
           Florida Bar No.: 0047686

**CERTIFICATE OF SERVICE**

      **I HEREBY CERTIFY** that on this 4th day of January, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing is being served this day upon all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

      DEUTSCH ROTBART & ASSOCIATES, P.A.

      BY:   Erika Deutsch Rotbart s/.
           Erika Deutsch Rotbart, Esq.
           Florida Bar No.: 0047686

**SERVICE LIST**

Lana Perez and Elena Leffler v. Saks Fifth Avenue, Inc.

CASE NO.: 07-21794-CIV-MOORE/Garber

| | |
|---|---|
| Erika Deutsch Rotbart, Esquire | Elizabeth Pryor Johnson, Esquire |
| Florida Bar No. 0047686 | Florida Bar No. 920990 |
| edrotbart@comcast.net | ejohnson@fowler-white.com |
| Deutsch Rotbart & Associates, P.A. | Fowler White Burnett |
| 7251 West Palmetto Park Road, Suite 206 | Espirito Santo Plaza, Fourteen Floor |
| Boca Raton, Florida 33433 | 1395 Brickell Avenue |
| Tel:   561.361.8010 | Miami, FL 33131 |
| Fax:  561.361.8086 | Tel:   305.789.9200 |
| Counsel for Plaintiff | Fax:   305.728.7507 |
| | Counsel for Defendant |