UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

LANA PEREZ and,                                CASE NO.:  07-21794-CIV
ELENA LEFFLER,                                 MOORE/Simonton

      Plaintiffs,

vs.

SAKS FIFTH AVENUE, INC., a foreign
Corporation, doing business in Florida,

      Defendant.
_____/

**PLAINTIFFS' MOTION FOR LEAVE TO TAKE ADDITIONAL DEPOSITIONS**

Plaintiffs, LANA PEREZ and ELENA LEFFLER, pursuant to S.D. Fla. L.R. 7.1 (A) (1) (j), and pursuant Fed.R.Civ.P. 30 (a) (2) move for leave to take depositions exceeding the limitation of ten (10).  The "good cause" for this Motion is as follows:

      1.      Plaintiffs seek to depose at least the following three (3) additional employees of the Defendant, SAKS FIFTH AVENUE, INC. ("SAKS"):  Jerry Kirby, the individual who prepared charts related to ages of respective associates at SAKS, Karen Sandler (pension benefits witness) and, the individual with the most knowledge of the sales receipts that were produced and are, central to this matter.

      2.      The Plaintiffs' suit alleges that the SAKS terminated them because of their age while SAKS contends, as grounds for their termination, that Plaintiffs gave unauthorized discounts.  Critical to Plaintiffs' case is that each witness mentioned above authenticate documents produced pertaining to employee ages, sales receipts as well as information related to Plaintiffs' pension benefits.  This evidence is critical not only for purposes of Plaintiffs' prima facie case but is equally important to their ability to

1

establish portions of their damage calculations.

3. After communicating with Defendant's counsel's office for several weeks on matters of availability and scheduling, only yesterday, Defendant's counsel, for the first time, advised of their objection to Mr. Kirby as well the person with the most knowledge regarding the sales receipts that were produced in this matter. In addition to the fact that the undersigned was strung along for weeks on end – led to believe dates and depositions were forthcoming, Defendant's counsel, incredibly, offered a single deposition – that of Ms. Sandler *but* only on the condition that the undersigned advise whether the deposition would be taken in person, via videoconferencing or telephonically.

4. Plaintiffs' counsel and Defense counsel discussed Defendant preparing affidavits early in the discovery period in an effort to deal with the authentication issue but, Defendant has yet to provide these affidavits. However, having received nothing and having had no opportunity to review any purported affidavit for its sufficiency, Plaintiffs counsel has no choice but to proceed with the depositions – especially given the impending discovery cutoff date.

5. Moreover, electronic discovery that Plaintiffs sought via their Motion to Compel Electronic Discovery with this Court [DE 28] may very well reveal additional persons that will need to be deposed or witnesses that may need to be re-deposed. However, at this time, Plaintiffs cannot be more specific until the electronic discovery is produced.

6. Nonetheless, it would be reasonable to allow Plaintiff to take the three (3) depositions referenced above as well as depose or re-depose those witnesses as may

2

be necessary depending on the Court's ruling on Plaintiffs' pending motion on electronic discovery.[1]

7. Specifically, electronic discovery may also contain emails which involve at least nine (9) different email boxes; most of which are individuals that have already been deposed, but may need to be re-deposed. As discussed in greater detail in Plaintiffs' Motion to Compel [DE 28], the sought after electronic discovery, these emails have never been produced by Defendant. After representing, incredibly, that it would take several months and hundreds of thousands of dollars to produce these emails, it was determined by a forensic expert would take *significantly less time and money* than Defendant represented to the Court. *See Plaintiff's Report and Affidavit of Forensic Computer Expert Jesus Pena* [DE 35-2].

8. On May 1 and May 2, 2008, Plaintiffs' counsel attempted in good faith to resolve the issue with Defendant's counsel to no avail.

9. This case involves approximately twenty (20) similarly situated employees/comparators in Plaintiffs' former department, alone, several management and human resource professional, and two (2) asset protection management personnel at the company who were involved in Plaintiffs' terminations. As a result, given the size of the Defendant, the complexity of the company structure, and the fact that there are two (2) Plaintiffs, it is in no way unreasonable that more than ten (10) depositions are necessary. Despite good faith efforts to resolve the issue, the parties have not been able to do so.

---

[1] While courts have stated that it might be premature to request additional depositions based on speculation, those cases involved situations where the party had not yet taken all ten (10) depositions allowed under the rules, and where the party was not facing a discovery deadline in the immediate future. *See Schiller America, Inc. v. Welch Allyn, Inc.*, 2007 WL 2702247 (S.D. Fla. 2007). at *1.

3

10. It has been "held that a party seeking to exceed the presumptive number of depositions must make a 'particularized showing of why the discovery is necessary." *Bituminous Fire and Marine Ins. Corp. v. Dawson Land Dev. Co.,* 2003 WL 22012201, at *1 (M.D. Fla. 2003) quoting *Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minn.,* 187 F.R.D. 578, 586 (D.Minn.1999). The courts have stated that the decision to allow additional depositions involves a determination of whether (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. *Bituminous Fire and Marine Ins. Corp.* at *1; *Schiller America, Inc. v. Welch Allyn, Inc.*, 2007 WL 2702247 (S.D. Fla. 2007).

11. In this case, the depositions sought by the Plaintiffs are not duplicitous or cumulative of prior discovery taken by Plaintiffs. And while Plaintiffs did suggest that the Defendant provide affidavits to authenticate certain documents, Defendant's delay makes that option no longer viable nor reasonable given Plaintiffs' need to cross examine and question the veracity of certain representations that may be made by said witnesses in their affidavit and through testimony. The Plaintiffs, here, are also less likely to be able to afford the additional depositions than SAKS, who has only taken the Plaintiffs depositions as well as two former employees, and cross examined many of its own witnesses at depositions scheduled by the Plaintiffs, and has sufficient financial

BOCA RATON • FORT LAUDERDALE • MIAMI

resources for the depositions requested. The Plaintiffs also have the significant burden of proving their case; and in doing so, require the ability to obtain testimony from those witnesses, all of whom work for Defendant and have knowledge of Plaintiffs' case.

12. As one court noted regarding the number of depositions in an employment discrimination case:

> [e]mployment claims often require an employee to conduct many depositions (e.g., co-workers, supervisors, etc.) to make out her case, while employers are often able to defend such claims with only one deposition-that of the employee. Thus, employees usually have a need for more discovery than employers, and stringent limitations on depositions such as those promulgated…more heavily burden the employee than the employer.

*Walker v. Ryan's Family Steak Houses, Inc.*, 289 F.Supp.2d 916, 925-26 (M.D.Tenn. 2003).

WHEREFORE, the Plaintiffs respectfully request this Court to allow the Plaintiffs to take three (3) additional employees of Jerry Kirby (the individual who prepared charts related to ages of respective associates at SAKS), Karen Sandler (pension benefits witness), and the individual with the most knowledge of the sales receipts that were produced in this matter), as well as any additional depositions or re-depositions that may be required in accordance with that information revealed through the pending electronic discovery; and such other action as the Court deems necessary and just.

Respectfully submitted,

DEUTSCH ROTBART & ASSOCIATES, P.A.
Counsel for Plaintiffs
7251 West Palmetto Park Road, Suite 206
Boca Raton, Florida 33433
Telephone: 561.361.8010
Facsimile: 561.361.8086

BY:   Erika Deutsch Rotbart s/.
        Erika Deutsch Rotbart, Esq.

5

DEUTSCH ROTBART & ASSOCIATES, P.A.
BOCA RATON • FORT LAUDERDALE • MIAMI

Florida Bar No.: 0047686

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **May 2, 2008**, the foregoing document was electronically filed with the Clerk of the court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in a manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

DEUTSCH ROTBART & ASSOCIATES, P.A.

BY:   Erika Deutsch Rotbart s/.
      Erika Deutsch Rotbart, Esq.
      Florida Bar No.: 0047686

### SERVICE LIST
*Lana Perez and Elena Leffler v. Saks Fifth Avenue, Inc.*
*CASE NO.: 07-21794-CIV-MOORE/SIMONTON*

Elizabeth P. Johnson, Esq.
Fowler, White Burnett, P.A.
Espirito Santo Plaza, 14th Floor
1395 Brickell Avenue
Miami, FL 33131
ejohnson@fowler-white.com
305.789.9200
305.789.9201

Michael Elkins, Esq.
Fowler, White Burnett, P.A.
Espirito Santo Plaza, 14th Floor
1395 Brickell Avenue
Miami, FL 33131
melkin@fowler-white.com
305.789.9200
305.789.9201

Erika Deutsch Rotbart, Esq.
Deutsch Rotbart & Associates, P.A.
7251 West Palmetto Park Road
Suite 206
Boca Raton, FL 33433
edrotbart@comcast.net
561.361.8010
561.361.8086