UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION
CASE NO.: 07-21794-CIV-MOORE/SIMONTON

LANA PEREZ and
ELENA LEFFLER,

    Plaintiffs,

v.

SAKS FIFTH AVENUE, INC., a foreign
Corporation, doing business in Florida,

    Defendant.

**DEFENDANT SAKS FIFTH AVENUE, INC.'S RESPONSE TO
PLAINTIFFS' MOTION FOR LEAVE TO TAKE ADDITIONAL DEPOSITIONS**

Defendant SAKS FIFTH AVENUE, INC., (hereinafter "Saks" or "Defendant"), through its undersigned counsel files Defendant's Response to Plaintiffs' Motion for Leave to Take Additional Depositions ("Response"), and respectfully states as follows:

1. This is an employment discrimination matter. Plaintiffs' Complaint alleges retaliation and discrimination on the basis of age.

2. This case has been pending before this Court since July 13, 2007.

3. During the course of this litigation, Plaintiffs have served five different requests for production, three sets of interrogatories, and as of the filing of this Response, have taken nine (9) depositions. Defendant has already agreed to allow Plaintiff to take two (2) additional depositions, making the total amount of depositions eleven (11).

4. Despite having allowed eleven (11) depositions, Plaintiffs attempted to set the depositions of two (2) more non-fact witnesses: Mr. Jerry Kirby and the individual with the most knowledge of Defendant's sales receipts. Mr. Kirby is the Defendant's Associate General Counsel, and the individual who generated several employment charts which were produced to the Plaintiffs.

5. Federal Rule of Civil Procedure 30(a)(2)(A)(i) states that a party must obtain leave of court to take a deposition which will result in more than ten (10) depositions being taken. When a party seeks leave to take more than ten (10) depositions, the Court's decision whether to grant such leave is governed by the principles of Federal Rule of Civil Procedure 26(b)(2). See Schiller Amer., Inc. v. Welch Allyn, Inc., No. 06-21439-CIV, 2007 WL 2702247, at *1 (S.D.Fla. Sept. 14, 2007). Such principles include reviewing whether the discovery sought is unreasonable or cumulative, whether the party seeking the discovery has had ample opportunity to obtain the information, and whether the burden or expense of the discovery outweighs its likely benefit. See Schiller Amer., Inc., 2007 WL 2702247, at *1. "Accordingly, a party seeking more than ten depositions in a case must justify the necessity of each deposition *previously taken* without leave of court." Id. (citing Barrow v. Greenville Indep. School Dist., 202 F.R.D. 480, 482 (N.D.Tex 2001). "Moreover, the moving party must make a particularized showing why extra depositions are necessary." Id.

6. In the instant matter, Plaintiffs first argue that there was communication for several weeks concerning the scheduling of the two (2) depositions that are in dispute, essentially stating that Defendant agreed to produce the individuals for deposition.[1] Indeed, Defendant has never stipulated

---

[1] Defendant notes that the only two (2) depositions that are in dispute are the depositions of the person authenticating the employee lists produced to Plaintiffs, and the person with the most knowledge of the Defendant's sales receipts. The deposition of Karen Sandler is not at issue in this Motion because Defendant has already agreed to allow Plaintiffs to take her deposition. Therefore, Ms. Sandler's deposition is not subject to the above-referenced dispute since the parties have

to any of the above-referenced depositions. Moreover, despite Plaintiffs' argument, Defendant did not "string along" Plaintiffs. Instead, Plaintiffs were seeking deposition dates and times for the above-referenced depositions. Plaintiffs then threatened to file a motion to compel the depositions. In response to the Plaintiffs' threat, Defendant reminded the Plaintiffs that they had already taken nine (9) depositions, that Defendant had already agreed to an additional two (2) depositions, and that such depositions were not necessary because Plaintiffs' counsel simply needed the documents Defendant had produced authenticated. Since the requested depositions are essentially for the authentication of documents already produced, Defendant has agreed to produce affidavits, authenticating those documents. Defendant notes additionally that since Mr. Kirby is an in-house attorney for the Defendant, he could not testify about any matter other than how the charts generated, all of which information will be in his affidavit.

7.   Additionally, in applying the principles of Federal Rule of Civil Procedure 26(b)(2), the discovery sought by Plaintiffs is cumulative and unreasonable, the Plaintiffs have had ample opportunity to obtain the information, and the burden and expense of the discovery outweighs its likely benefit. See Schiller Amer., Inc., 2007 WL 2702247, at *1. Plaintiffs are seeking to depose what amounts to records custodians. The records custodians are located in New York, New York and their depositions will cause a considerable expense to Defendant, who will have to pay for counsel to travel to and from New York to defend what amounts to two (2) one (1) hour depositions concerning the authentication of documents. Moreover, Plaintiffs have been in possession of the documents they seek to authenticate since November 2007. Plaintiffs have had every opportunity to authenticate these documents, and instead have waited until they have exhausted their limit of

---

stipulated to her deposition. See Fed. R. Civ. P. 30(a)(2)(A) (allowing the parties to stipulate to depositions in excess of 10).

depositions and until the discovery deadline is looming before seeking leave to take additional depositions. Defendant has readily offered to authenticate the documents, and therefore the burden and expense of these depositions outweighs any potential benefit. Therefore, the Court should deny Plaintiff's Motion in its entirety.

8. Further, Plaintiffs' Motion fails to make any argument justifying the necessity of each deposition previously taken without leave of court. See Schiller Amer., Inc., 2007 WL 2702247, at *1. As Plaintiffs have failed to make the proper showing for a motion for leave to take additional depositions, the Court should deny Plaintiffs' Motion.

9. Finally, Plaintiffs have failed to make a particularized showing why extra depositions are necessary. "An assertion that a case is 'complex' is insufficient to justify deviation from the presumptive number of depositions." Bituminous Fire and Marine Ins. Corp. v. Dawson Land Development Co., No. 3:02-CV-793-J-21TEM, 2003 WL 22012201, at *1 (M.D.Fla. Feb. 13, 2003).

10. In paragraph nine (9) of Plaintiffs' Motion, Plaintiffs essentially argue that given the size of the Defendant, the amount of alleged comparator employees, the fact that there are two (2) Plaintiffs and an allegedly complicated corporate structure[2], Plaintiffs are in need of additional depositions. All of the aforementioned reasons for granting Plaintiffs' Motion amount to nothing more than an argument that this is a complex case, which it is not. Moreover, these were all facts which Plaintiffs were aware at the outset of this litigation. Plaintiffs should have assessed all of these factors prior to taking their limit of ten (10) depositions, and determined which depositions

---

[2] Defendant notes that its corporate structure is neither complicated nor at issue in this case. In fact, Defendant's corporate structure is straightforward and simple to understand. Defendant is a foreign corporation authorized to, and conducting business in the state of Florida. None of Defendant's corporate officers are parties to this case, and Defendant has not raised any defenses that would implicate their corporate structure. Accordingly, Plaintiffs' assertion that Defendant's corporate structure has any bearing on the instant Motion is without merit.

CASE NO. 07-21794-CIV-MOORE/SIMONTON

were necessary and which depositions were not. See Schiller Amer., Inc., 2007 WL 2702247, at *2 (stating that parties must assess all depositions keeping in mind the 10 deposition limit when setting and taking depositions). To that end, Plaintiffs' justification for the instant depositions amounts to nothing more than an argument that this is a complex case, an argument which is insufficient to justify deviation from the the presumptive number of depositions. Therefore, the Court should deny Plaintiffs' Motion in its entirety.[3]

WHEREFORE, Defendant respectfully request that this Court deny Plaintiffs' Motion in its entirety, and enter an order limiting Plaintiffs to the depositions they have already taken, and the depositions that are currently scheduled.

Dated: May 6, 2008
Miami, Florida

Respectfully submitted,

s/ Michael L. Elkins
Elizabeth P. Johnson
Florida Bar No. 920990
Email: ejohnson@fowler-white.com
Michael L. Elkins
Florida Bar No. 0523781
E-mail: mle@fowler-white.com
FOWLER WHITE BURNETT P.A.
Espirito Santo Plaza, 14th Floor
1395 Brickell Avenue
Miami, Florida 33131-3302
Telephone: (305) 789-9200
Facsimile: (305) 789-9201

---

[3] Notwithstanding Plaintiffs' assertion that the case is so complex as to require more than ten (10) depositions, Plaintiffs have objected to Defendant's request to exceed the page limit on motions for summary judgment as to both Plaintiffs.

CASE NO. 07-21794-CIV-MOORE/SIMONTON

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2008, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Michael L. Elkins
Michael L. Elkins

## SERVICE LIST
*Lana Perez and Elena Leffler v. Saks Fifth Avenue, Inc.*
CASE NO. 07-21794-CIV-MOORE/SIMONTON

Erika Deutsch Rotbart, Esq.
Deutsch Rotbart & Associates, P.A.
7251 West Palmetto Park Road
Suite 206
Boca Raton, FL 33433
Email: edrotbart@adelphia.net
Telephone: (561) 361-8010
Facsimile: (561) 361-8086
Attorney for Plaintiffs
Service via transmission of Notices of Electronic Filing generated by CM/ECF

[ecd] W:\73126\RESPON10-MTN LEAVE TO TAKE ADDTL DEPOS.MLE{5/6/8-10:55}