UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-21794-CIV-MOORE/SIMONTON

LANA PEREZ and
ELENA LEFFLER,

    Plaintiffs,

v.

SAKS FIFTH AVENUE, INC.,

    Defendant.
_____/

### ORDER GRANTING IN PART AND DENYING IN PART
### PLAINTIFFS' MOTION FOR LEAVE TO TAKE ADDITIONAL DEPOSITIONS

Presently pending before the Court is Plaintiffs' Motion for Leave to Take Additional Depositions (DE # 42). Defendant filed a Response (DE # 46). Plaintiffs did not file a Reply and the deadline to timely file a Reply expired on May 16, 2008. All pretrial discovery motions have been referred to the undersigned Magistrate Judge (DE # 9). Based upon a review of the record as a whole and for the reasons stated herein, Plaintiffs' motion is **GRANTED IN PART AND DENIED IN PART**.

    I.    BACKGROUND

This is a case involving allegations of age discrimination and retaliation in the workplace. Defendant, Saks Fifth Avenue ("Saks"), contends that it terminated Plaintiffs because they provided unauthorized discounts on Saks merchandise, while Plaintiffs insist that Saks' justification is merely pretextual. Plaintiffs filed the instant motion to request that they be permitted to conduct additional depositions in excess of the presumptive limit of ten.

The Federal Rules of Civil Procedure provide that "[a] party must obtain leave of

court, and the court must grant leave to the extent consistent with Rule 26(b)(2) . . . if the parties have not stipulated to the deposition and . . . the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by the third-party defendants." Fed. R. Civ. P. 30(a).  Although the Court is authorized to permit additional depositions, it must limit discovery if

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2).

## II. THE PARTIES' POSITIONS

Plaintiffs contend that it is necessary to conduct the depositions of Jerry Kirby, the individual who prepared charts regarding the ages of Saks' employees, as well as an unnamed individual with the most knowledge of the sales receipts that are centrally relevant to this case (DE # 42).[1]  Plaintiffs wish to conduct these depositions in order to authenticate documents that are "critical not only for purposes of Plaintiffs' prima facie case," but also "their ability to establish portions of their damage calculations (DE # 42 at 1-2).  Plaintiffs emphasize that the documents they seek to authenticate are fundamental to the issues it will bear the burden of proving at trial (DE # 42 at 3-5).

---

[1] In their motion, Plaintiffs also requested leave to take the deposition of Karen Sandler, but Defendant stated in its Response that it has already agreed to permit the deposition of Ms. Sandler, and thus her deposition is no longer at issue (DE # 46 at 2 n.1).

Defendant asserts that it has already allowed Plaintiffs to conduct eleven depositions and that the Court should not allow Plaintiffs to conduct the depositions of Jerry Kirby and the individual with the most knowledge of Saks' sales receipts because (1) the information sought can still be provided through affidavits, which are less burdensome and expensive because it would not require the deponents to travel from New York to Miami; (2) Plaintiffs have had ample opportunity to authenticate the documents in question but failed do so until the eleventh hour; and (3) Plaintiffs have failed to make any sufficiently particularized argument justifying the necessity of each deposition, except to argue that this case is "complex" (DE # 46).

The parties disagree over who should bear the blame for the fact that Plaintiffs did not authenticate the relevant documents earlier. Plaintiffs assert that the parties first attempted to address the authentication issue through affidavits, but after those efforts proved unfruitful, Defendant "strung [them] along for weeks on end," leading them to believe that additional depositions could be arranged without the need to file a motion with the Court (DE # 42 at 2). Defendant, on the other hand, insists that it is still willing to produce affidavits to authenticate the relevant documents; denies that Plaintiffs were misled in any way concerning the depositions; and, maintains that the fault for not authenticating the fundamental documents in this case in a timely manner lies squarely with Plaintiffs (DE # 46). Even though Plaintiffs agree that it was once willing to accept affidavits in lieu of conducting additional depositions, they contend that Defendant's delay in producing those affidavits has rendered that option unworkable (DE # 42 at 4).

III.   **DISCUSSION**

At the outset, the Court notes that this Order is limited to the depositions of Jerry Kirby and the individual with the most knowledge of Saks' sales receipts. The Court

expressly reserves judgment on Plaintiffs' open-ended and nebulous arguments that it may be necessary to depose additional witnesses or re-depose certain witnesses based upon future developments concerning electronic discovery (DE # 42 at 2-3).

The parties' dispute over how to distribute the blame for their inability to reach a mutually acceptable procedure for timely authenticating the documents in question should not overshadow the fact that Plaintiffs are entitled to conduct discovery necessary to authenticate the documents one way or another.

Even though Defendant states, in general terms, that it "has agreed to produce affidavits . . . authenticating those documents," (DE # 46 at 3), it did not refute the fact, mentioned in Plaintiffs' motion, that no such affidavit has yet been produced (DE # 42 at 2). The importance of this discovery request in resolving the issues before the Court outweighs any countervailing factors, such as the possible burden or expense associated with conducting the two additional depositions sought by Plaintiffs. The parties are encouraged to cooperate in an effort to authenticate these documents in the least expensive and intrusive manner possible, including by affidavit, but the record reflects that the parties have not been able to reach such an agreement and the discovery deadline in this case expires on June 16, 2008 (DE # 54). It is, therefore,

**ORDERED AND ADJUDGED** that Plaintiffs' Motion for Leave to Take Additional Depositions (DE # 42) is **GRANTED IN PART AND DENIED IN PART**.

Notwithstanding the presumptive limitations on the number of permissible depositions imposed by the Federal Rules, Plaintiffs shall be given leave to conduct the depositions of Jerry Kirby and the individual with the most knowledge of the sales

receipts that were produced in this case for the purpose of authenticating documents relevant to these proceedings.

**DONE AND ORDERED** in Chambers in Miami, Florida on May 20, 2008.

_____
**ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE**

Copies to:
The Honorable K. Michael Moore, United States District Judge
All counsel of record