UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

LANA PEREZ and,
ELENA LEFFLER,

CASE NO.: 07-21794-CIV
MOORE/Simonton

    Plaintiffs,

vs.

SAKS FIFTH AVENUE, INC., a foreign
Corporation, doing business in Florida,

    Defendant.
_____/

### PLAINTIFFS' EMERGENCY MOTION FOR SANCTIONS
### AND INCORPORATED MEMORANDUM OF LAW

    Plaintiffs, LANA PEREZ and ELENA LEFFLER, pursuant to Fed. R. Civ. P. 37 and in accordance with this Court's inherent powers, moves for immediate relief in the form of appropriate sanctions for Defendant Saks Fifth Avenue, Inc.'s (Saks) willful failure to obey the June 18, 2008 discovery Order of Magistrate Judge Garber. [DE 65]. The grounds for Plaintiffs' motion are as follows:

    This is a two plaintiff age discrimination case where the electronic data maintained by Saks has been ***the*** contested issue during the discovery phase of this case.  On no less than four (4) separate occasions, Plaintiffs have utilized the discovery dispute process provided by this Court and have sought and been granted, in whole or in part, Orders from Magistrate Judge Garber compelling Saks to make available to Plaintiffs, electronic data such as e-mails and sales data from the store and specifically the floor on which Plaintiffs worked. [See DE 34, 43, 52, & 65]. To say that Saks has

1

fought this process every step of the way would be an understatement.[1]

Recognizing that the Court's discovery deadline for the parties to complete the electronic discovery of emails and store sales receipts and records was approaching, Plaintiff filed, and this Court granted Plaintiff's Unopposed Motion to Extend the Discovery Deadline [DE 47]. As a result of difficulties with the third party vendor who is responsible for restoring and extracting the email from these backup tapes, the parties then filed a Joint Motion to Extend the Discovery and Pre-trial Deadlines [DE 53] which this Court granted [DE 54].

Mid-way through this process in early June, Defendant refused to comply with the requisite protocols of electronic discovery, which required, yet another hearing in front of Magistrate Judge Garber. Accordingly, Magistrate Judge Garber issued his most recent Order dated, June 18, 2008 [DE 65]. Specifically, said Order required Defendant, Saks to pay for a necessary and proper review tool to extract and expeditiously review the emails that have been crucial to this discovery process. See [DE 65].[2] The Court limited the amount that Saks would be responsible to pay for the review tool, and further allowed said costs to be taxable at the end of the case if applicable.

---

[1] On January 4, 2008, Plaintiffs filed a motion to compel discovery [DE 28] which involved Defendant's refusal and failure to produce certain electronically stored discovery, such as e-mail, sales reports and sales discounts. This Court partially ruled on that motion on January 18, 2008 [DE 34], wherein it ordered and allowed Plaintiffs' computer forensic expert to examine the Defendant's computer/electronic systems within twenty (20) days of the January 18, 2008 Order of the Court. The Court reserved ruling on this portion of the motion to compel until the Plaintiffs' expert report was filed with the Court following the examination described above. The Plaintiffs filed the expert report of Jesus Pena on March 19, 2008 [DE 35]; and, on May 5, 2008, this Court granted Plaintiff's Motion to Compel [DE 43], and the electronic discovery process commenced.

[2] It should be noted that Defendant's predecessor counsel had just recently produced a few emails to the undersigned as part of its initial culling process, which indicates direct evidence of age-related discriminatory comments by Plaintiffs' supervisor. Thus, it would appear that the emails that Defendant has failed and refused to produce for so many months by delaying and combating the electronic discovery is already starting to yield relevant and crucial evidence in this case.

On June 23, 2008, the undersigned was advised that counsel, Michael Elkins and Elizabeth P. Johnson of Fowler White, were being discharged as counsel for Saks, and that McDermott, Will & Emery would be representing Saks from this point further.

Now, with the end of the discovery period just four (4) days away, Saks refuses to comply with Magistrate Judge Garber's Order [DE 65], Believing that their *intent* to file objections somehow temporarily excuses their compliance, Saks, through their counsel has made clear that their efforts to comply with Magistrate Judge Garber's Order have come to an abrupt halt. Plaintiffs submit that Saks is incorrect insofar as nothing in the Federal or Local Rules excuses the compliance with a discovery order unless the Court orders otherwise. The result of Saks' refusal to comply unequivocally deprives Plaintiffs and their expert of the review tool necessary to expeditiously and thoroughly retrieve and search the massive volume of electronic data that is still in the process of being produced. Not only does Saks' failure to comply further frustrate Plaintiffs' discovery efforts, the timing of Saks' noncompliance is particularly prejudicial given that the discovery deadline is upon us.  Especially, in light of the Court's most recent Orders issued this morning [DE 72] and [DE 73], Plaintiffs will be severely prejudiced if they do not have the ability to utilize the review tool that this Court ordered. What is even more troubling is that, with literally no time remaining in the discovery period, Saks was ordered to provide the review tool on June 18, 2008. Knowing that discovery concludes on June 30,2008 that Saks waited until yesterday to communicate their refusal to comply is abusive and warrants action by this Court.

In *Malautea v. Suzuki Motor Co., Ltd.,* 987 F.2d 1536, 1543-43 (11th Cir.1993), the court held that the sanctions of costs, attorneys fee was warranted for their abuse

and violation of discovery orders. The power to sanction has been stated to be part of the courts inherent powers and is also supported by Rule 37 for discovery issues. *Id.*

In the instant case, Defendant initially refused to produce sales receipts and discount data and emails which were are all relevant and germane to the issues of this case. Moreover, despite its representations, that it would take more than $798,000.00 and 36 weeks to retrieve the data; whereas, if Defendant had been compliant, this process could have been completed in a matter of weeks and for all but its own man power and time to produce the data (i.e. costing less than $30,000). Instead, Plaintiffs have been left to challenge Defendant at every stage of the electronic discovery process and schedule hearing after hearing with Magistrate Judge Garber, only to leave said hearing and run up against yet another "road block" by Defendant in Plaintiffs' effort to complete the discovery process.

In terms of fashioning an appropriate remedy for both the timing and substance of Saks' conduct, Plaintiffs request this Court order Saks' immediate compliance with Magistrate Judge Garber's Order and, take all other appropriate steps to ensure that Plaintiffs have adequate time and a fair opportunity to review and access all electronic discovery with the review tool that was previously granted pursuant to DE 65, and to complete discovery once and for all. Plaintiff further requests that this process be conducted in a manner that in no way jeopardizes Plaintiffs' trial date. To move the currently set trial date would only reward Saks' conduct. It should go without saying that Defendant should be solely responsible for all fees and costs associated with its conduct in this discovery process.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

I HEREBY CERTIFY that I conferred in good faith with the Defendant's attorney Katherine Kale in a telephone conversation dated June 23 and 24, 2008, and Defendant advised that it was appealing the Order of Magistrate Judge Garber [DE 65] and would not be complying with said Order.

Respectfully submitted,

DEUTSCH ROTBART & ASSOCIATES, P.A.
Counsel for Plaintiffs
7251 West Palmetto Park Road
Suite 206
Boca Raton, Florida 33433
Telephone:  561.361.8010
Facsimile:   561.361.8086

BY:   Erika Deutsch Rotbart s/.
        Erika Deutsch Rotbart, Esq.
        Florida Bar No.: 0047686

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **June 26, 2008**, the foregoing document was electronically filed with the Clerk of the court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in a manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

DEUTSCH ROTBART & ASSOCIATES, P.A.

BY:   Erika Deutsch Rotbart s/.
        Erika Deutsch Rotbart, Esq.
        Florida Bar No.: 0047686

**SERVICE LIST**
*Lana Perez and Elena Leffler v. Saks Fifth Avenue, Inc.*
*CASE NO.: 07-21794-CIV-MOORE/SIMONTON*

Justin B. Uhlemann, Esq.
McDermott Will & Emery LLP
201 South Biscayne Boulevard
Suite 2200
Miami, FL 33131-4336
Telephone: 305.358.3500
Facsimile:   305.347.6500
E-mail: juhlemann@mwe.com.


Erika Deutsch Rotbart, Esq.
Deutsch Rotbart & Associates, P.A.
7251 West Palmetto Park Road
Suite 206
Boca Raton, FL 33433
Telephone:  561.361.8010
Facsimile:    561.361.8086
E-mail:  edrotbart@comcast.net