IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 07-21794-CIV-MOORE/SIMONTON

LANA PEREZ and
ELENA LEFFLER,

    Plaintiffs,

vs.

SAKS FIFTH AVENUE, INC., a foreign
Corporation doing business in Florida,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE came before the Court upon Defendant's Motion for Summary Judgment (dkt # 82).

UPON CONSIDERATION of the Motions, the Responses, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

**I.    BACKGROUND**

This case involves claims by two former employees of Defendant Saks Fifth Avenue, Inc. ("Saks") who claim they were wrongfully terminated because of their age. Plaintiffs Lana Perez ("Perez") and Elena Leffler ("Leffler") allege that while working at Saks' Bal Harbour location, they were harassed and discriminated against by other Saks employees on account of their age. Both Plaintiffs are over 40. Perez asserts that her manager, Raymond Terbecki ("Terbecki"), called her "old," "harried" and said that "she reminded him of his father." She also alleges that as part of this harassment she was moved to the "back room," an area with less customer traffic, was told she had no rights, and was reprimanded verbally and in writing upon bringing these complaints to the attention of her supervisors. Ultimately, she was terminated based on

Defendant's accusation the she gave customers unauthorized discounts and conducted improper merchandise returns. Perez maintains that she was giving customers a discount that she was authorized by Saks to give and that the merchandise returns were not improper. Perez also asserts that Saks impeded her ability to collect unemployment because Saks reported that she had been fired for misappropriating company funds. At the time of her termination, Perez had been an employee of Saks for 18 years.

Leffler alleges that she too was subjected to harassment and discrimination by other employees on account of her age. She asserts that in the course of this discrimination, she was moved to the "back room," was denied requests to be assigned to certain clothing lines, which were given to younger sales associates with less experience, and was told she had no rights. She states that when she complained about this treatment to the human resources department, she was told not to complain or she could be sent to the third floor, an area comprised of mostly older associates. Leffler was terminated for allegedly giving unauthorized customer discounts and conducting improper merchandise returns. Leffler maintains that she was giving customers a discount that she was authorized by Saks to give and that the merchandise returns were not improper. She also asserts that Saks impeded her ability to collect unemployment because Saks reported that she had been fired for misappropriating company funds. At the time of her termination, Leffler had been an employee of Saks for 14 years.

In May of 2006, Perez and Leffler each filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"). In March of 2006, the EEOC issued Letters of Determination to Perez and Leffler, finding that there was reasonable cause to believe they had been discriminated against.

Plaintiffs filed a state court action alleging violations of the Age Discrimination Employment Act ("ADEA"), the Florida Civil Rights Act ("FRCA"), and a claim for defamation. Defendant removed the action to this Court on July 12, 2007 (dkt # 1). On August 28, 2008, Plaintiffs filed a Second Amended Complaint (dkt # 15),.

## II.     STANDARD OF REVIEW

The applicable standard for reviewing a summary judgment motion is unambiguously stated in Rule 56(c) of the Federal Rules of Civil Procedure:

> The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Summary judgment may be entered only where there is no genuine issue of material fact. Twiss v. Kury, 25 F.3d 1551, 1554 (11th Cir. 1994). The moving party has the burden of meeting this exacting standard. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). An issue of fact is "material" if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. Id.

In applying this standard, the district court must view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. Id. However, the nonmoving party "may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

"The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

### III. ANALYSIS

Saks contends that it is entitled to summary judgment on Plaintiffs' discrimination and retaliation claims because there are no issues of material fact requiring resolution at trial.

#### A. ADEA and FRCA Discrimination Claims

"In order to prove a prima facie case of age . . . discrimination a plaintiff must prove that he or she was: (1) a member of the protected class; (2) qualified for the position; (3) subjected to adverse employment action; and (4) replaced by a person outside the protected class or suffered from disparate treatment." Kelliher v. Veneman, 313 F.3d 1270, 1275 (11th Cir. 2002) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)); see also Dyer v. Paxson Communications Corp., 267 Fed. Appx. 901, 902-03 (11th Cir. 2008). "After the plaintiff proves a prima facie case of discrimination, the defendant need only produce evidence that there is a legitimate, non-discriminatory reason for the challenged employment action." Id. "The presumption of discrimination is then rebutted and the employer is entitled to summary judgment unless the plaintiff proffers evidence sufficient to create a genuine issue of material fact that discrimination was actually the reason for the challenged action. Id. This burden shifting analysis also applies to claims brought pursuant to the FRCA. See Howard v. Or. Television, Inc., 07-cv-35-Orl-19DAB (PCF), 2007 WL 3376796, at *2 (M.D.Fla. 2007).

Here, there is no dispute that the first three elements of a prima facie case have been met because both plaintiffs are over 40, both were qualified for the position, and both were terminated. Saks concedes that another younger employee, David Algarin ("Algarin"), had given

4

similar customer discounts but was not fired because the number of discounts he gave customers were fewer than the number of discounts Plaintiffs gave to customers and because Algarin was recently hired. Def.'s Statement of Undisputed Material Facts, ¶ 10, 26 (dkt # 84). Defendant also concedes that Saks employees were authorized to give customers certain discounts. *See* Id., at ¶ 13; Def.'s Mem. of Law in Support of Mot. for Summ. J., at 4 (dkt # 83). Plaintiffs contend that Saks has no written regulations concerning authorized discounts, that Saks' allegations concerning unauthorized discounts did not incorporate all discounts Plaintiffs had been verbally authorized to give customers, and that if there were any regulations in place these regulations were not enforced by Saks. Pl.'s Statement of Material Facts, ¶ 6, 11 (dkt # 106). Plaintiffs also assert that after they were terminated, they were replaced by employees under the age of 40. Id., at ¶ 59. Viewing these facts in the light most favorable to Plaintiffs, there are genuine issues of material fact concerning whether Perez and Leffler received disparate treatment and whether they were replaced by individuals outside of their protected class. Therefore, summary judgment is not appropriate based on failure of the Plaintiffs to establish a prima facie case.

Saks states that its legitimate, non-discriminatory reason for firing Plaintiffs is that Perez and Leffler were giving customers unauthorized discounts and conducting improper merchandise returns. *See* Def.'s Statement of Undisputed Material Facts, ¶ 19 (dkt # 84). Saks is entitled to summary judgment unless there are genuine issues of material fact that Saks' reason for terminating Plaintiffs was pretextual. Kelliher v. Veneman, 313 F.3d 1270, 1275 (11th Cir. 2002). A plaintiff may prove that an adverse hiring decision is pretexual by "directly persuading the court . . . that a discriminatory reason more likely motivated the employer, or indirectly by showing that the employer's proffered explanation is unworthy of credence. In order to establish pretext, the plaintiff is not required to introduce evidence beyond that already offered to establish the prima facie case." Combs v. Plantation Patterns, 106 F.3d 1519, 1530 (11th Cir. 1997)

(quoting Hairston v. Gainesville Sun Publishing Co., 9 F.3d 913, 920-21 (11th Cir. 1993)). "[O]nce the plaintiff introduces evidence sufficient to permit the factfinder to disbelieve the employer's proffered explanations, summary judgment is not appropriate, because 'issues of fact and sufficiency of the evidence are properly reserved for the jury.'" Id.

Plaintiffs support their allegation that Saks' proffered reason was pretextual by asserting that Saks does not have written regulations concerning authorized discounts, that Saks' termination decisions concerning unauthorized discounts did not incorporate all the discounts Plaintiffs had been verbally authorized to give customers, and that if there were any regulations in place these regulations were not enforced by Saks. Pl.'s Statement of Material Facts, ¶ 6, 11 (dkt # 106). Plaintiffs also contend that none of the employees in the department where Plaintiffs worked required customers to produce receipts to return merchandise and that merchandise returns were credited at the current price denoted by Saks' registers. Id., at ¶ 6, 12, 16. Plaintiffs further assert, and Defendant concedes, that Saks was aware that other employees were giving discounts similar in kind to the discounts Plaintiffs gave to customers. Id., at ¶ 12-14, 23-25; Def.'s Statement of Undisputed Material Facts, ¶ 14 (dkt # 84). Plaintiffs also rely on Saks' failure to terminate Algarin for similar violations as further indirect proof that Saks' reason for terminating them was pretexual. See Id., at ¶ 14; see also Pl.'s Mem. of Law in Opp. to Def.s Mot. for Summ. J., at 21. In addition to these contentions, Plaintiffs also rely on their allegations that they were the subject of age based harassment and discrimination carried out by Saks employees, of which Saks management was aware but refused to address. Compl., ¶ 21, 26, 28-33, 69, 73, 78, 81, 86. Viewing these facts in the light most favorable to Plaintiffs, there are genuine issues of material fact as to whether Perez and Leffler have demonstrated that Saks proffered reason for terminating them was pretextual. Therefore, summary judgment in favor of Defendant on the ADEA and FRCA claims is not warranted.

B.  ADEA and FRCA Retaliation Claims

"Retaliation is actionable where 'a reasonable employee would have found the challenged action materially adverse, which in . . . context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" Stone v. Geico Gen. Ins. Co., 06-15470 (per curiam), 2008 WL 2191777, at *2 (11th Cir. 2008) (quoting Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006) (citation and quotation omitted)). "In order to state claims for discriminatory retaliation [under the ADEA or FRCA], a plaintiff must present evidence that: (1) he engaged in statutorily protected conduct; (2) he was adversely affected by an employment decision; and (3) there was a causal connection between the statutorily protected conduct and the adverse employment decision." Drago v. Jenne, 453 F.3d 1301, 1307 (11th Cir. 2006); see Harper v. Blockbuster Entm't Corp., 139 F.2d 1385, 1389-90 (11th Cir. 1998) (stating that FRCA claims are analyzed using the same framework as Title VII cases). "Only after the plaintiff makes this prima facie case of discriminatory retaliation does the burden shift to the defendant to rebut the presumption of retaliation by producing legitimate reasons for the adverse employment action." Id. "The presumption of discrimination is then rebutted and the employer is entitled to summary judgment unless the plaintiff proffers evidence sufficient to create a genuine issue of material fact that retaliation was actually the reason for the challenged action. See Kelliher v. Veneman, 313 F.3d 1270, 1275 (11th Cir. 2002).

Here, the Parties agree that the first two elements of a prima facie case have been established because Plaintiffs are entitled to complain of age based harassment and they were both terminated.  However, Defendant contends that there is no causal connection between Plaintiffs complaints of age based harassment and their termination because too much time elapsed between the Plaintiffs' complaints and their termination and because the Saks employee who made the termination decision was unaware of Plaintiffs complaints.  Mem. of Law in Supp.

7

of Def.'s Mot. for Summ. J., at 18-20 (dkt # 83).  Plaintiffs assert that Defendant's retaliatory acts included not only their termination, but admonitions from other Saks employees that Plaintiffs were not permitted to raise any additional complaints and that they had no rights as employees.  Compl., 33, 35, 81, 86; Pl.'s Opp. to Def.'s Mot. For Summ. J., at 27-29 (dkt # 107).

Under the broad scope of actionable retaliation claims established in Burlington, each of the acts of retaliation complained of by Plaintiffs are actionable because they could have dissuaded a reasonable employee from bringing a retaliation claim.  Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006).  The Parties agree that Perez complained of age based discrimination in November of 2005, that Leffler complained of age based discrimination against Perez in November of 2005, and that Leffler complained of age based discrimination in June of 2005.  See Pl.'s Opp. to Def.'s Mot. For Summ. J., at 29 (dkt # 107); Mem. of Law in Supp. of Def.'s Mot. for Summ. J., at 20 (dkt # 83).  Plaintiffs allege they were told by Saks' Director of Human Resources, Gloria Salerno ("Salerno"), not to raise any additional complaints in December of 2005.  See Pl.'s Opp. to Def.'s Mot. For Summ. J., at 29 (dkt # 107).  Plaintiffs were terminated in April of 2006.  Def.'s Statement of Undisputed Material Facts, ¶ 20.  Thus, only one month elapsed between Plaintiffs complaints and the warning they received not to raise any additional complaints.  Furthermore, assuming the investigation of Plaintiffs alleged misappropriations lasted at least three months, only a maximum of two months elapsed between Plaintiffs complaints and the initiation of the investigation leading to the adverse employment action.  In this case, the duration between Plaintiffs complaints and the retaliatory comments and termination is not too great to rule out the potential of a causal connection because a reasonable finder of fact could conclude that Defendant's allegedly retaliatory acts were in response to Plaintiffs protected conduct.

Saks further contends that retaliation was impossible because the employee responsible

8

for the decision to terminate Plaintiffs was unaware of Plaintiffs complaints. This assertion, however, does not undermine Plaintiff's retaliation claims actionable based on comments made by Saks employees that may have dissuaded Plaintiffs from making or supporting a charge of discrimination. *See* Burlington, 548 U.S. at 68. As for the adverse employment action, Defendant asserts that Margaret Phelan ("Phelan"), the Regional Director of Human Resources, was solely responsible for the ultimate decision to terminate Plaintiffs and that she had no knowledge of any complaints made by Plaintiffs. Mem. of Law in Supp. of Def.'s Mot. for Summ. J., at 18-20 (dkt # 83). Defendants also assert that Jennifer Hanno ("Hanno") was solely responsible for carrying out the investigation on which Phelan relied in her decision to terminate Plaintiffs. *See* Reply in Support of Def.'s Mot. for Summ. J., at 7 (dkt # 128). Plaintiffs contend that their termination was based on information gleaned from a retaliatory investigation that punished them for conduct they had been verbally authorized to conduct, and where other employees engaging in the same type of conduct were not terminated. *See* Pl.'s Opp. to Def.'s Mot. For Summ. J., at 29 (dkt # 107).

      The assertion that Phelan, acting as a single decision maker, was unaware of the alleged retaliatory conduct is not dispositive. Although Phelan's decision to resort to adverse employment action may have been innocuous, the adverse employment action may still have been retaliatory if Phelan's decision was based primarily on information or misinformation collected from a retaliatory investigation, regardless of whether Phelan was aware of the retaliatory nature of the investigation. *See* Llampallas v. Mini-Circuits, Lab, Inc., 163 F.3d 1236, 1249 (11th Cir. 1998) (stating that an adverse employment action may still be retaliatory where a decisionmaker merely rubber stamps the recommendation of a party suggesting the retaliatory action). However, Saks argues that the investigation and the information it yielded could not have been retaliatory because Hanno was solely responsible for conducting the investigation,

Hanno had no knowledge of Plaintiffs complaints, and Salerno and Terbecki, the two individuals who Plaintiffs allege were primarily responsible for the discriminatory conduct, "had no involvement in the investigation." Reply in Support of Def.'s Mot. for Summ. J., at 2 (dkt # 128).

However, Plaintiffs have put forth an email from Salerno to Phelan in which Salerno states that "[w]e are now in the process of gathering how many times in the last month [Leffler] has given discounts without authorization." Pl.'s Not. of Filing Exs. to Pl.'s Statement of Material Facts (dkt # 108-12). Although it is unclear who Salerno is referring to when she says "we are now in the process," Salerno's email to Phelan was in reference to an attached email from Terbecki, sent approximately one hour earlier, in which Terbecki advised Salerno that Leffler had given a discount to a customer. Id. Given the proximity in time of these email messages, and their attachment to one another in a sequential chain of communication, a reasonable person could concluded that it was Terbecki who was working with Salerno to determine how many discounts Plaintiffs gave to customers. This casts doubt on Defendant's assertion that Hanno was solely responsible for the investigation because it raises the possibility that Salerno and Terbecki may have been involved in collecting the data concerning the discounts and merchandise returns. While this may be inconsistent with Hanno's deposition testimony, inconsistencies of this nature raise genuine issues of material fact. Moreover, although the email from Salerno to Phelan was only in reference to a discount given by Leffler, the indication that Salerno was involved in collecting data for the investigation into Leffler's activities is sufficient to create a genuine issue of material fact as to whether Hanno was solely responsible for the investigations of either Leffler or Perez. Therefore, viewing the facts in the light most favorable to the non-moving party, Plaintiffs have succeeded in establishing a prima facie case.

Saks has met its burden of presenting a legitimate reason for terminating Plaintiffs by

stating that they were fired for giving unauthorized discounts and for conducting improper merchandise returns. However, for the same reasons presented by Plaintiffs in establishing a prima facie case for retaliation, Plaintiffs have succeeded in establishing a genuine issue of material fact that Saks' reasons for firing Plaintiffs was pretextual and that retaliation may be been the reason for the adverse employment actions. Therefore, Saks is not entitled to summary judgment on the retaliation claims.[1]

## IV.   CONCLUSION

Based on the foregoing, it is

ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment (dkt # 82) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 7th day of August, 2008

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record

---

[1] Defendant's Motion for Summary Judgment (dkt # 82) does not specifically request summary judgment on Plaintiff's defamation claims and the Parties do not discuss the propriety of summary judgment on the defamation claims in the memoranda of law. Therefore, in the absence of any arguments suggesting that summary judgment on the defamation claims is appropriate, this Court will not address these claims.